UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES ALLEN SUTTON                                                         PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:04-CV-635-S

F. TODD LEWIS, et al.                                          DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. Plaintiff, James Allen Sutton, *pro se*, seeks five million in compensatory damages from three government defendants, under 42 U.S.C. § 1983, for alleged violations of his rights under the Eighth and Fourteenth Amendments to the federal Constitution.[1] Plaintiff alleges he was refused medical attention while detained at the Louisville Metro Corrections Department and sues the Department's former and current chiefs, Joe Payne, and George E. Detella, respectively, in unspecified capacities. Plaintiff also sues a state prosecutor, F. Todd Lewis, in an unspecified capacity, for the alleged abuse of process which resulted in Plaintiff's transfer to the Department from the Federal Medical Center. The Court will dismiss this action based on prosecutorial immunity and for failure to state a claim on which relief may be granted.

### I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint as soon as practicable to "identify cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

---

[1] Plaintiff describes the complaint as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a case that recognized an implied cause of action under the federal Constitution for damages against federal officers. Because the complaint names state and local rather than federal officers, however, this Court will construe the complaint as seeking relief under the explicit remedial statute, 42 U.S.C. § 1983.

who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## II.

Plaintiff is currently an inmate at the Federal Medical Center, in Lexington, Kentucky, serving a sentence for a conviction of bank fraud. In March 2004, Plaintiff was transferred to the Louisville Metro Corrections Department for prosecution on state "check charges." (Compl. at p. 1.)

Upon transfer, Plaintiff advised the screening nurse he had been undergoing medical tests in search of a diagnosis for "stroke-like symptoms" but was then asymptomatic. (Compl. at p. 2.) Two weeks later, Plaintiff began complaining that his symptoms were recurring, i.e., double vision and short-term memory loss. Plaintiff alleges he received no medical treatment, despite repeated, oral and written requests.

Plaintiff filed two grievances complaining of the lack of medical attention. Plaintiff also enlisted his public defender and his mother to request medical attention for him from Chief Joe Payne. Plaintiff eventually complained in open court of the lack of medical attention. The Department's response to Plaintiff's complaints included a request for his medical records from Lexington, and after the court appearance, an interview with a prison doctor. On June 21, 2004,

the state returned Plaintiff to the Federal Medical Center, apparently after dismissing the state criminal action.

Plaintiff omits entirely any mention of an injury or harm resulting from the denial of treatment while detained in Louisville Metro Corrections. He simply states, "The medical services took a big gamble and risk concerning the Plaintiff's health conditions. They placed his life in danger." (Compl. at p. 8.) He does not inform the Court of the eventual diagnosis, if any.

Plaintiff attempted to recover damages on these allegations in a previously filed complaint, naming "Jefferson County Metro Correctional Medical Services." *See Sutton,* 3:04-CV-382-S (dismissed September 20, 2004). This Court dismissed the complaint for failure to state a claim, in part, because Plaintiff failed to allege an official policy or custom, an essential element of municipal liability under § 1983. In its opinion, the Court also noted, "The complaint omits allegations of injury or harm due to the alleged constitutional deprivation of medical care." (Mem. Opinion, entered Sept. 20, 2004, at p. 3.)

**III.**

Congress enacted § 1983, Title 42, United States Code, to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983, itself, does not create any substantive rights but, rather, connects a remedy to rights established elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

Before reaching the question whether Plaintiff states a deprivation of a federal right, the Court will address whether Plaintiff may seek relief against Defendants in their official capacities and the immunity of state prosecutors to certain, individual-capacity claims.

**A. Official Capacity Claims:**

An official capacity suit represents another way of pleading an action against the entity that employs an officer or agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Rodgers v. Banks*, 344 F.3d 587 (6th Cir. 2003). It does not appear that Plaintiff intends to sue Defendants Payne and Detella in their official capacities because he omits allegations of any custom or policy, a defect in his previous complaint. (See Mem. Opinion, entered Sept. 20, 2004, a p. 4). As this Court previously stated:

> In *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court held that a municipal corporation is a "person" subject to § 1983 liability. Therefore, local governing bodies may be sued directly for monetary relief. *Monell*, at 690.
> To recover damages against a local government, however, the complaint must allege a policy or custom, not merely the acts of the county's agents, employees, or officials, is responsible for a violation of the plaintiff's federal rights. *Monell,* at 658; *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, ... the entity's 'policy' or 'custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monell,* at 658)). It is sufficient to allege an individual officer's conduct conformed to official policy or custom to state a claim of official-capacity liability. *Leatherman v. Tarrant Co. Narcotics*, 507 U.S. 163, 165 (1993).
> Plaintiff fails to assert the alleged constitutional deprivation of medical care is an official policy or custom of local government. Moreover, the complaint contains no allegations supporting the inference that the conduct of medical care providers conformed to an unconstitutional policy or custom. Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Again, if Plaintiff intends to sue the Department chiefs in their official capacities, his claim must be dismissed because there are no allegations that their conduct conformed with official policy or custom such that Louisville Metro Government, itself, was the moving force of the alleged denial of medical treatment. Thus, Plaintiff fails to state a claim for relief against Defendants Payne and Detella in their official capacities.

Likewise, any official-capacity claim against the assistant commonwealth attorney, Defendant Lewis, may not proceed, albeit for reasons germane to his employment with the state rather than local government. State officers sued for damages in their official capacity are not "persons" within the meaning of § 1983 because they assume the identity of the government that employs them, in this case, the Commonwealth of Kentucky; and states, in turn, are immune from suits for money damages under the Eleventh Amendment to the federal Constitution. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Rodgers v. Banks*, 344 F.3d 587 (6th Cir. 2003). Therefore, Plaintiff fails to state a claim against Defendant Lewis in his official capacity.

The Court will now address the merits of the individual-capacity claims against the three Defendants.

**B. Individual-Capacity, Abuse of Process Claim:**

Plaintiff alleges Defendant Lewis, Assistant Commonwealth Attorney, wrongfully pressed state check charges, which had been previously dismissed in connection with the federal conviction, and which caused his transfer from the Federal Medical Center. Although the complaint does not specify the federal right at issue, abuse of process as a general proposition violates the Due Process Clause of the Fourteenth Amendment.

State prosecutors, however, enjoy the defense of absolute immunity from suit, not merely from the ultimate assessment of damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that absolute immunity extends to prosecutors in their decision to initiate and to present a government's case); *Owen v. City of Independence*, 445 U.S. 622, 638 (1980). "Prosecutorial immunity extends to a prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer." *Holloway v. Brush*, 220

F.3d 767, 775 (6th Cir. 2000) (internal quotations omitted); *see Hilliard v. Williams*, 540 F.2d 220 (6th Cir. 1976). The critical inquiry is whether the prosecutor's challenged activity is "intimately associated with the judicial phase of the criminal process." *Holloway*, 220 F.3d at 775 (quoting *Imbler*, 424 U.S. at 430).

Here, Plaintiff complains about conduct that comprises the very core of Defendant Lewis's official duties: the initiation and presentation of the government's case. Prosecutors cannot be held liable every time a charge falls short of conviction. Rather than damages under § 1983, Plaintiff's remedy was the dismissal of the criminal charge. The Court concludes absolute prosecutorial immunity bars the claim against Defendant Lewis because Plaintiff challenges the prosecutor's advocacy of the government's case and conduct that was intimately associated with the judicial phase of the state, criminal charges.

### C. Individual-Capacity, Medical Claim:

An inmate's right to medical care, generally, arises from the Eighth Amendment's prohibition against cruel and unusual punishment, as interpreted in *Estelle v. Gamble*, 429 U.S. 97 (1976). *See Napier v. Madison County*, 238 F.3d 739 (6th Cir. 2001). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 105-06. The medical treatment at issue must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or [to be] intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). In addition, to state a viable claim under § 1983, a plaintiff must allege "with particularity" all material facts to be relied upon when asserting that a government official violated a constitutional right. *Id*. at 842.

Here, Plaintiff has not stated what medical injury he has suffered, if any, as a result of the alleged denial of medical care. He simply states Defendants "took a big gamble" in response to his subjective complaints of memory loss and double vision. Absent allegations of any injury, Plaintiff fails to allege "acts or omissions sufficiently harmful" to support a claim of deliberate indifference to a serious medical need. Further, even if Plaintiff had alleged some harm due to any delay in diagnosis, he has at best stated a claim for malpractice or negligence, not deliberate indifference to serious medical needs. A prison official is not "deliberately indifferent" unless he acts with criminal recklessness, a state of mind that requires that he act with a conscious disregard to a substantial risk of serious harm to the prisoner. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Complaints of malpractice or allegations of mere negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. Thus, Plaintiff fails to state a claim upon which relief may be granted against Defendants Payne and Detella in their individual capacities.

## IV.

In summary, the Court will dismiss the official-capacity claims against Defendants Payne and Detella for failure to allege an official policy or custom, an essential element of municipal liability under § 1983. The Court will dismiss the individual-capacity claims against Defendants Payne and Detella for failure to state a claim of deliberate indifference to a serious medical need. Further, the Court will dismiss the official-capacity claim against Defendant Lewis, a state employee, because the state is not a "person" within the meaning of § 1983. Finally, the Court

will dismiss the individual-capacity claim against Defendant Lewis on the ground of prosecutorial immunity.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4411.007